E-FILED
Tuesday, 13 October, 2026 12:34:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SCOTT SHREFFLER,<br><br>Plaintiff, | ) | |
| v. | ) | 26-2088 |
| CHAD JOHNSON, *et al.*<br><br>Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Ford County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff appears to allege that he wants to pursue a lawsuit related to events that happened in 2016, or that he is currently being detained unlawfully and without access to a telephone. He requests pretrial release and phone privileges.

Plaintiff's complaint is too scattershot for the Court to determine the facts he is alleging and against whom he wishes to proceed. To the extent that Plaintiff seeks pretrial release, he must do so in the court that authorized his detention or via a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion (Doc. 5)**

Plaintiff's motion describes several lawsuits he filed recently. He appears to request appointment of counsel. To the extent that Plaintiff asks the Court to waive copying fees at the Ford County Jail, the Court does not have authority to do so.

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the

Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 9)**

Plaintiff's motion appears to have been incorrectly docketed in this case. To the extent that Plaintiff seeks leave to proceed in forma pauperis, the request is denied as moot. The Court granted this relief in its Text Order entered April 17, 2026. *See* (Doc. 13).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motion [5] is DENIED with leave to renew.**

4) **Plaintiff's Motion [9] is DENIED.**

Entered this 13th day of October, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE